# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
KATHLEEN CAMPBELL,              *
                                *       No. 17-438V
            Petitioner,         *       Special Master Christian J. Moran
                                *
v.                              *
                                *       Filed:  December 28, 2020
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *       Entitlement, dismissal
                                *
            Respondent.         *
* * * * * * * * * * * * * * * * * * * *
```

Joseph A. Vuckovich, Maglio Christopher and Toale, PA, Washington, DC, for petitioner;
Lisa A. Watts and Althea Walker Davis, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Kathleen Campbell alleged that an influenza vaccine caused her to suffer an injury to her left shoulder that developed within 24 hours of receiving the vaccine. Pet., filed March 27, 20127.  The information in the record, however, does not show entitlement to an award under the Program primarily because the onset of Ms. Campbell's significant shoulder pain started after a fall, occurring approximately three weeks after the vaccination.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims's website, in accordance with the E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  This posting will make the decision available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

## I.   **Procedural History**[2]

Ms. Campbell alleged a Table shoulder injury related to vaccine administration ("SIRVA") where she developed pain in her left shoulder within 24 hours of her October 7, 2015 influenza vaccination.  Pet., filed Mar. 27, 2017, at 1. Ms. Campbell filed medical records and eventually a statement of completion on May 10, 2017.

Once the Secretary completed his review of the record, the parties engaged in initial settlement negotiations.  Resp't's Status Rep., filed Oct. 30, 2017.  Before proceeding further with settlement negotiations, Ms. Campbell requested the opportunity to improve the factual foundations of her case by submitting affidavits from fact witnesses.  Pet'r's Status Rep., filed Dec. 14, 2017.  Ms. Campbell submitted the affidavits and then proceeded with settlement.  Pet'r's Status Rep. filed May 7, 2018.  At a June 11, 2018 status conference, the Secretary noted that settlement negotiations had continued, but he intended to proceed with the litigation track and proposed a due date for his Rule 4 report.

In the Rule 4 report, the Secretary argued that Ms. Campbell's pre-existing shoulder injuries prevented her from claiming a Table SIRVA and her post-vaccination left shoulder pain was the result of catching her partner, Joseph Haeckel, when he fell.  Resp't's Rep., filed July 6, 2018, at 6 n.4.  After a status conference to discuss the Rule 4 report, Ms. Campbell was ordered to provide an affidavit to discuss her partner's fall and to consider providing an affidavit from her partner.  Order, issued July 26, 2018.  Ms. Campbell filed an affidavit regarding the fall but did not file an affidavit from Mr. Haeckel.  Exhibit 17.  The parties again entered into settlement negotiations.

At a November 16, 2018 status conference, the undersigned noted that the parties had spent a long time in settlement negotiations considering the extent of damages and the case would be placed in a queue for a fact hearing after Ms. Campbell confirmed that all documentary evidence had been filed.  Order, issued Nov. 19, 2018.  Ms. Campbell confirmed that all documentary evidence had been filed but again requested additional time to resolve the case informally.  Pet'r's Status Rep., filed Dec. 19, 2018.

After a few more months of negotiations, Ms. Campbell advised that the parties had not been able to resolve the case informally and requested that a fact

---

[2] Much of the procedural history is taken from the June 10, 2020 Ruling Finding Facts.

hearing be scheduled.  Pet'r's Status Rep., filed Apr. 17, 2019.  A fact hearing was then scheduled and onset statements were ordered.  Order, issued Dec. 19, 2019; order issued Jan. 9, 2020.  Ms. Campbell filed her onset statement and additional evidence on February 21, 2020.  The Secretary then filed his onset statement on March 12, 2020.

The pre-hearing status conference clarified that the primary issues were whether Ms. Campbell's pre-vaccination shoulder pain resolved and when Ms. Campbell's shoulder pain began post-vaccination.  Order, issued Apr. 6, 2020.  A fact hearing was held on April 16, 2020, in which Ms. Campbell and two other witnesses testified.[3]

A June 10, 2020 Ruling found facts about the onset of Ms. Campbell's shoulder pain.  Ms. Campbell began to experience severe shoulder pain on October 26, 2015, after she attempted to prevent her partner from falling at a McDonald's restaurant.

Following the June 10, 2020 Ruling, Ms. Campbell was given an opportunity to express a plan for the next steps in her case.  Ms. Campbell stated that she did not intend to obtain a report from an expert.  Pet'r's Status Rep., filed July 29, 2020.  To date, Ms. Campbell has not filed anything else.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine.  See 42 U.S.C. § 300aa–13(a)(1)(A) and 300aa-11(c)(1).

Ms. Campbell's petition asserts an on-Table claim.  While Ms. Campbell alleged she suffered a shoulder injury starting within 48 hours of the vaccination, the evidence did not support this allegation.  The finding that Ms. Campbell's lasting shoulder pain started approximately three weeks after the vaccination meant that Ms. Campbell could not prevail on her claim that she suffered an on-Table injury.  42 C.F.R. § 100.3(c)(10).

---

[3] The hearing was originally scheduled to be held in San Antonio, Texas, but, due to restrictions from the coronavirus pandemic, the hearing was held via video conferencing.

As an alternative to the on-Table claim, Ms. Campbell might pursue a causation-in-fact claim.  Under the Vaccine Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  42 U.S.C. § 300aa–13(a)(1).  In this case, because the medical records do not support petitioner's claim based upon the facts as found in the June 10, 2020 Ruling, a medical opinion must be offered in support.  However, Ms. Campbell declined to present a medical opinion.

Accordingly, it is clear from the record that Ms. Campbell has failed to demonstrate that she suffered a "Table Injury," or that the flu vaccine "actually caused" her shoulder problem.

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Jason Wiener, at (202) 357-6360.

IT IS SO ORDERED.

s/ Christian J. Moran
Christian J. Moran
Special Master