# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KATHLEEN CAMPBELL, * | |
| * | No. 17-438V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: July 6, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

Joseph A. Vuckovich, Maglio Christopher & Toale, Washington, DC, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Pending before the Court is petitioner Kathleen Campbell's motion for final attorneys' fees and costs. She is awarded **$62,236.78**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Case 1:17-vv-00438-UNJ   Document 93   Filed 08/04/22   Page 2 of 5

On March 27, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that an influenza vaccine she received on October 7, 2015, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from a shoulder injury related to vaccine administration. Although the parties engaged in protracted settlement negotiations, they were unable to resolve the case informally and a fact hearing was scheduled. The parties filed prehearing briefs on February 21, 2020 (for petitioner) and March 12, 2020 (for respondent). A fact hearing was held on April 16, 2020, and was followed by the undersigned's June 10, 2020 ruling on the onset of petitioner's shoulder pain. Petitioner was then given an opportunity to seek a medical expert report but declined. On December 28, 2020, the undersigned issued his decision dismissing the petition for insufficient proof. 2020 WL 8365846.

On June 24, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $62,386.20 and attorneys' costs of $1,302.65 for a total request of $63,688.85. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs totaling $47.93 related to the prosecution of his case. Id. On July 15, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on July 15, 2021, reiterating her belief that the requested fees and costs are reasonable. Thereafter, the undersigned requested additional briefing from respondent concerning the reasonable basis of the case. Order, issued July 20, 2021. Respondent filed a response on August 2, 2021, indicating that he "does not contest that a reasonable basis existed for this claim" and that "it appears that petitioner submitted enough evidence to satisfy the statutory requirement for an award of attorneys' fees and costs." Response at 8.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also

indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

    A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was performed in the District of Columbia.

Petitioner requests the following rates of compensation for the work of her counsel, Mr. Joseph Vuckovich: $290.00 per hour for work performed in 2017, $300.00 per hour for work performed in 2018, $315.00 per hour for work performed in 2019, $345.00 per hour for work performed in 2020, and $370.00 per hour for work performed in 2021. Fees App. Ex. 1 at 74. These rates are consistent

with what Mr. Vuckovich has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein. See, e.g., Arya v. Sec'y of Health & Human Servs., No. 17-425V, 2021 WL 5854061 (Fed. Cl. Spec. Mstr. Nov. 22, 2021).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable. Counsel has done a good job with the level of detail provided in his billing entries, which has allowed the undersigned to assess the reasonableness of the hours billed. One minor issue is that Mr. Vuckovich and firm paralegals have occasionally billed for review of the same order, resulting in an excessive amount of time expended on their review, or had some overlap in efforts in preparing routine filings. Another issue is that Mr. Vuckovich charged for several hours that involved reviewing and revising the fees invoice. Extensive time revising a fee invoice can be prevented if the attorneys create accurate time entries initially. Savin v. Sec'y of Health & Human Servs., No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008) (special master reducing attorney hours preparing an "uncomplicated" fee petition from six to four hours), mot. for rev. denied, 85 Fed. Cl. 313 (2008). Upon review, the undersigned shall deduct $1,500.00 from the final award of fees to offset these issues.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,302.65 in attorneys' costs. This amount is comprised of acquisition of medical records, postage, the Court's filing fee, and costs associated with meeting with petitioner. Fees App. Ex. 2 at 1. These costs have been supported with the necessary documentation and all are reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of attorneys' costs sought.

Additionally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $47.93 for postage. Fees App. Ex. 3. Petitioner has supported these costs and they shall be fully reimbursed.

D.  Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$62,188.85** (representing $60,886.20 in attorneys' fees and $1,302.65 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Joseph Vuckovich; and

2) A total of **$47.93** in petitioner's costs as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

    **IT IS SO ORDERED**.

    s/Christian J. Moran
    Christian J. Moran
    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.